UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT LEE DAVIS, JR.,

        Plaintiff,

        v.                                 CAUSE NO. 3:21-CV-55 DRL-MGG

INDIANA STATE OF *et al.*,

        Defendants.

OPINION AND ORDER

Robert Lee Davis, Jr., a prisoner without a lawyer, was ordered to show cause why

he has not paid the initial partial filing fee assessed by the court. (ECF 12.) Upon review

of his responses (ECF 13, 15, 15), the rule to show cause is discharged, and the court will

proceed to screen the complaint. He will nevertheless be required to pay the filing fee in

installments over time pursuant to 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it

if the action is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.

To proceed beyond the pleading stage, a complaint must contain sufficient factual matter

to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because he is proceeding without

counsel, the court must give the complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Davis's complaint is quite difficult to parse and consists primarily of Biblical quotes and other religious language. Several of his assertions are non-sensical.[1] As best as can be discerned, he claims that his religious freedoms have been infringed while he has been confined at the St. Joseph County Jail. He appears to allege that he needs certain religious texts—including the "Roman Catholic Missal," "the Book of Mormon," and a "Jehovah's Witness hymnal." The exact nature of his religious beliefs is unclear. He further alleges that the Indiana judge assigned to his pending criminal case is violating his rights and has "wrongly deemed me incompetent."[2] In the section where he is asked to designate his requested relief, he states as follows: "I would like to be granted my religious liberties and have dominion over my ambrosial food. I would like the courts to be subject to the federal Religious Freedom Restoration Act of 1993." (*Id.* at 7.) Elsewhere he makes reference to needing "vegan trays," but it is unclear how vegan food relates to

---

[1] For instance, he states: "Fact! Magic spells and witchcraft have caused me serious marring of my features." (ECF 1 at 5.) Elsewhere he states: "Because my crystal which quickens me, quickens my entire nervous system without it my immune system is slow and gaining immunities to virus and disease is greatly delayed." (*Id.*)

[2] Public records reflect that Mr. Davis has several charges pending against him in St. Joseph Superior Court, including auto theft, trespassing, drug possession, and public nudity. After examination by two doctors, and by agreement of the parties, Mr. Davis was found incompetent to stand trial in the lead case. It appears that he is due to be transferred to a state mental health facility for treatment. *See State v. Davis*, No. 71D08-2008-F6-000826 (St. Jos. Sup. Ct. filed Aug. 31, 2020). The court is permitted to take judicial notice of public records in determining whether the complaint states a claim. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

his religious practice, if at all. Based on these allegations, he sues the State of Indiana, St. Joseph County, and the City of Mishawaka.

As an initial matter, this court cannot dismiss or otherwise interfere with the state criminal charges pending against Mr. Davis. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Furthermore, any claim against the state judge for her rulings in Mr. Davis's criminal case would be barred by absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Nor can he obtain release from custody or attack his detention in this civil rights suit. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973).

Inmates have a First Amendment right to the free exercise of their religion. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). Additionally, both the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibit prisons from imposing a substantial burden on an inmate's religious practice.[3] *See* 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 574 U.S. 352 (2015); *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). Here, however, Mr. Davis has not alleged a plausible claim. He does not clearly allege that anyone is discriminating against him because of his religion, or that his religious practice is being

---

[3] His invocation of RFRA is unavailing, as that statute only pertains to federal government actors. *See* 42 U.S.C. § 2000bb-2; *Tanzin v. Tanvir*, 141 S. Ct. 486, 492 (2020).

substantially burdened. Although he mentions certain religious texts, he appears to state that he needs them to defend himself in the criminal case, not for use in his religious practice. Nor is it clear why he would need texts from several different religious faiths to practice his religion.

Additionally, liability under 42 U.S.C. § 1983 is based on personal responsibility, and Mr. Davis does not name any individual who might be held responsible for denying him religious items. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). The State of Indiana has Eleventh Amendment immunity. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). It is unclear how, if at all, the City of Mishawaka was involved in these events. As to St. Joseph County, there is no general *respondent superior* liability under 42 U.S.C. § 1983, and the county cannot be held liable solely because it employees staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The county could conceivably be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but there is no factual content in the complaint from which it can be plausibly inferred that the county has an official policy of discriminating against inmates on religious grounds, or that it was an official county policy that caused Mr. Davis injury. He thus has not stated a plausible claim against any defendant.[4]

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v.*

---

[4] The court notes that Mr. Davis filed a letter in which he purports to add the City of South Bend as a defendant. (ECF 4.) He cannot amend his complaint in this piecemeal fashion, and in any event, a claim against the City of South Bend would fail for the reasons outlined as to the other municipal entities. Mr. Davis is being given an opportunity to file an amended complaint, and he may add defendants as he deems appropriate.

*United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow

Mr. Davis to amend his complaint if after reviewing this order, he believes he can state a

plausible claim for relief against a proper defendant, consistent with the allegations he

has already made under penalty of perjury.

For these reasons, the court:

(1) DISCHARGES the show cause order;

(2) GRANTS the plaintiff until **June 24, 2021**, to file an amended complaint if he so

wishes; and

(3) CAUTIONS him that if he does not respond by that deadline, this case will be

dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a

claim upon which relief can be granted.

SO ORDERED.

May 25, 2021                                              *s/ Damon R. Leichty*
                                                         Judge, United States District Court